IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JOHNNY D. FLOYD, SR.,**

      **Plaintiff,**

v.                                                                **Civil Action No. 5:18cv3**
                                                                           **(Judge Stamp)**

**CORPORAL/SERGEANT MATTHEW LOVE,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of a proposed recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)B) and LR PL P 2. Pending before the court is the Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. 1983.

### I.    BACKGROUND[1]

On November 1, 2016, the Plaintiff was named in a three-count indictment. Count One charged the Plaintiff with possession with intent to distribute cocaine base and heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Count Two charged the Plaintiff with maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1). Count Three charged the Plaintiff with possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On January 27, 2017, the Plaintiff entered a plea of guilty to Count One. On May 31, 2017, he was sentenced to a term of 120 months confinement, with credit for time served since December 21,

---

[1] The information contained in this section is taken from the Plaintiff's criminal case: 1:16cr73 (Northern District of W.Va.).

2015; three years supervised release; and a $100 special assessment. The Plaintiff did not appeal his conviction, nor has he filed a Motion pursuant to 28 U.S.C. § 2255.

## II.     COMPLAINT

The Plaintiff's complaint alleges misconduct against the Defendant, Corporal Love, who according to the PSR is a member of the Marion County Sheriff's Department. The Plaintiff alleges that the misconduct of the Defendant resulted in his federal indictment, and the necessity of his pleading guilty. The complaint charges the Defendant with defamation of his character in violation of the Fifth and Fourteenth Amendments. For relief, the Plaintiff seeks monetary damages in the amount of $250,000 and injunctive relief by ordering "Defamation/title 'crackdealer' be removed." ECF No. 1 at 11.[2]

## III.     STANDARD OF REVIEW

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or

---

[2] According to the PSR, on December 21, 2015, deputies responded to a domestic violence call on Delta Street in Fairmont, where they observed a black male (later identified as Johnny D. Floyd) pounding on a trailer door and yelling. Floyd refused to provide a statement. A resident of the trailer, Christina Zinn, subsequently told Cpl. Love that two females, Katrice Peterson and Tina Staley, came to her home for help and were followed by Floyd. Staley identified herself as Floyd's girlfriend and Peterson stated that she was Floyd's cousin. Cpl. Love requested, and was granted, permission to check Staley's and Floyd's residence to corroborate statements made by Staley and Peterson. As he walked through the residence, Cpl. Love observed damage to the living room area, including a flipped over coffee table, broken flowerpot, and other objects strewn about. He also saw a set of digital scales on the kitchen floor and a large amount of plastic bags with the corners cut off laying on top of a full trash can in the kitchen. In the rear bedroom, he observed U.S. currency laying on the bed and folded in bundles. Cpl. Love then left the residence and obtained a search warrant to search for drugs on the property. During the execution of the search warrant at Floyd's mobile home, Cpl. Love found, among other things, 58 individually wrapped baggies of crack, 3 bags of individually wrapped crack and heroin in the refrigerator, a loaded Smith & Wesson .40 caliber handgun in the refrigerator, a safe in the bedroom closet containing 19 bags of uncut crack cocaine, security camera system, digital scales, 6 cell phones, plastic sandwich bags, and paperwork with Floyd's name on it. 1:16cr73, ECF No. 55 at 4-5.

malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious must be dismissed. Id.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327 or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendants has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

### IV. ANALYSIS

This case should be dismissed as frivolous because the Plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

3

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the Plaintiff in this case "would necessarily imply the invalidity of his conviction or sentence" Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487) and that the Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the Plaintiff has no chance of success on the merits, and his claim is frivolous.

## V.   RECOMMENDATION

In consideration of the foregoing, it is recommended that the Plaintiff's complaint be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further recommended that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the

4

Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

It is so **ORDERED**.

DATED: February 20, 2018.

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE