IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNY D. FLOYD, SR.,

    Plaintiff,

v.                                          Civil Action No. 5:18CV3
                                                            (STAMP)

CORPORAL/SERGEANT MATTHEW LOVE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
DISMISSING THE PLAINTIFF'S COMPLAINT AND
DENYING THE PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED IN FORMA PAUPERIS AS MOOT**

I.    Background

The pro se[1] plaintiff, a federal inmate who is housed at FCI Gilmer, instituted this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, the plaintiff alleges that the misconduct of the defendant, a member of the Marion County Sheriff's Department, resulted in his federal indictment, and the necessity of his guilty plea. ECF No. 1 at 5-6.

The plaintiff alleges that after his arrest, the defendant entered the plaintiff's occupation as "crack dealer" on a police report. ECF No. 1 at 8. The plaintiff then alleges that, as a result of having this label attached to him, his attorney advised him he would be found guilty, leading him to take a plea deal for

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

a lesser sentence. ECF No. 1 at 9. The complaint charges the defendant with defamation of his character in violation of the Fifth and Fourteenth Amendments. ECF No. 1 at 9. For relief, the plaintiff seeks monetary damages in the amount of $250,000.00 and injunctive relief by ordering "Defamation/title 'crackdealer' be removed." ECF No. 1 at 11. The plaintiff also filed a motion for leave to proceed in forma pauperis. ECF No. 2.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge then entered a report and recommendation. ECF No. 7. In that report and recommendation, the magistrate judge recommended that the plaintiff's complaint be dismissed as frivolous and the plaintiff's motion for leave to proceed in forma pauperis be denied as moot. The magistrate judge noted that the Supreme Court has held that to prevail on a § 1983 claim where the alleged unlawful conduct would render a conviction or sentence invalid, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Because the plaintiff's complaint does not meet the requirements of a § 1983 claim, the magistrate judge found that "the [p]laintiff has no

2

chance of success on the merits, and his claim is frivolous." ECF No. 7 at 4.

Accordingly, the magistrate judge recommended that the complaint be dismissed as frivolous and that plaintiff's pending motion for leave to proceed in forma pauperis (ECF No. 2) be denied as moot pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff did not file objections to the report and recommendation of the magistrate judge.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 7) is affirmed and adopted. Therefore, the complaint (ECF No. 1) is dismissed and the plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is denied as moot.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

### III. <u>Discussion</u>

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. <u>United States v. Gypsum Co.</u>, 333 U.S. at 395. The magistrate judge properly reviewed the plaintiff's complaint to determine whether it was frivolous. A complaint is frivolous if "it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint is also frivolous if the plaintiff has little or no chance of success. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

In this civil action, the magistrate judge correctly held the <u>pro se</u> complaint to less stringent standards than those complaints drafted by attorneys. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, even liberally construed, the magistrate judge correctly determined that the plaintiff's complaint is frivolous because it "has no chance of success." ECF No. 7 at 4.

This Court agrees with the magistrate judge that the plaintiff has no chance of success in this civil action because a decision favorable to the plaintiff "would necessarily imply the invalidity of his conviction or sentence." <u>Harden v. Pataki</u>, 320 F.3d 1289,

4

1291 (11th Cir. 2003) (citing Heck, 512 U.S. 477 at 487). As the magistrate judge correctly noted:

> the [p]laintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

ECF No. 7 at 4.

Therefore, this Court finds that the findings of the magistrate are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED. Accordingly, the plaintiff's complaint is hereby DISMISSED and the plaintiff's motion for leave to proceed in forma pauperis is DENIED AS MOOT. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 22, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE